IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FILED-CLERK
U.S. DISTRICT COURT
2010 SEP 28 PM 4: 10
TEXAS-EASTERN
BY_____

ENOCH S. DOYLE,

    Plaintiff,

Vs.

CHAPMAN INCORPORATED,
EBENEZER INTERNATIONAL,
and DOES 1 through 20, inclusive,

    Defendants.

Cause No. 4:10cv511

Judge Schell

## COMPLAINT FOR VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

COMES NOW the Plaintiff herein, ENOCH S. DOYLE, in proper person and for his claims against Defendants, would show the Court:

### STATEMENT OF CLAIM

1. Plaintiff DOYLE complains that Defendants do not comply with the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq.; Chapter 121 of the Texas Human Resources Code (hereinafter, "Chapter 121"), Texas Human Resources Code § 121.001, *et seq.*, and Texas Revised Statutes Ann., Art. 9102 (hereinafter, "Article 9102"). Plaintiff further complains that the FACILITY does not comply with the ADA Accessibility Guidelines (hereinafter, "ADAAG") or the Texas Accessibility Standards ("TAS"), pursuant to Article 9102.

2. Plaintiff seeks declaratory and injunctive relief, statutory and actual damages, his costs and disbursements all directly resulting from the illegal denial of access to Defendant's FACILITY.

PLAINTIFF'S ORIGINAL COMPLAINT           1

## JURISDICTION AND VENUE

3. This action is brought pursuant to Title III of the Americans with Disabilities Act (ADA); the Rehabilitation Act of 1973; Chapter 121 of the Texas Human Resources Code; and Tex. Rev. Stat. Ann., Art. 9102. The Court has jurisdiction pursuant to Title 28 U.S.C. § 1331 and 2201. Plaintiff further invokes the supplemental jurisdiction of the Court pursuant to Title 28 U.S.C. § 1367(a) to consider the state claims brought herein.

4. Defendant's acts and omissions which constitute failures to comply with the ADA all occurred in Collin County, Texas making venue proper before the Court pursuant to 28 U.S.C. §1391(b).

## PARTIES

5. Plaintiff DOYLE is a legal resident of Dallas County, Texas who is a _???? year-old disabled person whose address is:

> Enoch S. Doyle
> 1603 Serenade Ln.
> Richardson, TX 75081

Plaintiff is a disabled person within the meaning of the Americans with Disabilities Act, 42 USC § 12101 and Texas disability statutes.

6. Defendant CHAPMAN INCORPORATED (hereinafter, "CHAPMAN") upon information and belief, owns the real property located at 2501 East 14th, Plano, Texas which has a Shell Service Station located on it (hereinafter, the 'FACILITY") within the jurisdiction of this Court. Service of process can be had at:

> Chapman Incorporated
> 622 East Lamar Street
> Sherman, TX 75090-6027

7. Defendant EBENEZER INTERNATIONAL (hereinafter, "EBENEZER"), upon information and belief is the owner and operator of the aforesaid Shell Service Station and service of process can be held at:

> Ebenezer International
> 3113 Burleson
> Plano, Texas
>
> Ebenezers Texaco
> 2501 E. 14th St
> Plano, TX 75074

8. There may be several defendants who are presently unknown to Plaintiff and he will seek leave from the Court to amend this complaint should it be necessary. Plaintiff is informed and believes and thereon alleges that each of the unknown defendants is responsible in some manner for the acts and omissions herein alleged and that Plaintiff's injuries as hereinafter set forth were proximately caused by such defendants due to their acts, omissions and reckless disregard for Plaintiff's rights as secured by law. Further, all such unknown defendants conspired with the known defendants and through the overt acts set forth hereinafter, subjected Plaintiff to emotional distress and deprived Plaintiff of his rights as secured by both state and federal laws.

## STATEMENT OF FACTS

9. Defendants own, operate, franchise, contract or lease the FACILITY which is a public accommodation consisting of a combination service station and convenience store in Plano. This case arises out of Defendant's failure to provide the minimum legally required access to this public accommodation for persons with disabilities. The inaccessibility of the FACILITY to persons with disabilities

is illegal, degrading and humiliating and further, there is an ADA sign posted on the outside of the restroom at the FACILITY which is fraudulent, since the restroom is anything but compliant. Many of the stated acts or omissions of the Defendants were readily achievable and were otherwise required by both Federal and Texas laws and would have greatly assisted disabled persons at little expense to Defendants.

10. At all times pertinent herein, Plaintiff was a handicapped person with disabilities "substantially limiting a major life activity" within the meaning of the ADA and Article 9102 and Texas Accessibility Standards ("TAS"). He suffers from paraplegia from the waist down and scoliosis with Harrington rods on each side of his spine. Plaintiff visited the FACILITY on September 6, 2010 for the purpose of picking up several food items. Plaintiff found many violations of various handicapped access standards and laws as set forth hereinafter and he was unable to fully use the FACILITY which more fully explained hereinafter. Plaintiff sustained injury in his effort to use the restroom to his hand which resulted in Plaintiff being both injured and degraded in public.

11. The following TAS and ADAAG violations are present at the FACILITY:

A. There are physical impediments to access of the shopping area in the form of merchandise protruding into the aisles and a constant aisle width of at least 36" is not kept. (ADAAG 7.2 and 4.2.1);

B. The payment transactions at the booth are done with a person in a secure cash booth and through a metal drawer which is over 36" from the floor, which impedes transactions being accomplished with a person using a wheel chair. (ADAAG 7.2(2); 5.3; and 7.3);

C. There is no disabled parking (ADAAG 4.6.4);

D. There is not a sufficiently large clear maneuvering space at the entrance. (ADAAG 4.13.6 and 4.8.4); and there are pot holes and uneven surfaces in the parking lot. (ADAAG 4.5.2)

E. The restroom, which has an outside entrance, lacks clear maneuvering space in the interior, (ADAAG 4.13.6); Does not have the required grab bars installed. (ADAAG 4.16.4, 4.17.6); The door has a door closer which requires excessive force to open the door and requires a hard shove due to the door sticking, (ADAAG 4.13.10, 4.13.11); the door hardware requires a tight hand grasp. (ADAAG 4.13.9); The door lacks a clear width of less than 32". (4.13.5), and lacks clear floor space outside, (4.13.6); and the mirror in the restroom is located over 40" from the floor, (ADAAG 4.19.6)

## CAUSES OF ACTION

### I. VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

12. Plaintiff incorporates by this reference all allegations contained in paragraphs 1 through 11, inclusive.

13. The Americans with Disabilities Act, passed in 1990, established as law the nation's interest in eradicating the bigotry and barriers faced by individuals with disabilities. 42 U.S.C. § 12101, *et seq.* The ADA states its first goal as being to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1) (1999).

14. Congress found that historically, society tended to isolate and segregate individuals with disabilities and despite some improvements, such forms of discrimination against individuals with disabilities continues to be a serious and pervasive social problem. See 42 U.S.C. § 12101(a)(2).

15. Plaintiff brings this suit seeking to vindicate a "policy of highest priority" and is handicapped individual who suffers from

16. Defendants have failed to modify policies and procedures at the FACILITY to ensure equal access for persons with disabilities and such acts and omissions constitute an ongoing and continuous violation of the ADA and Plaintiff's rights as secured thereunder. Said conduct, unless enjoined, will continue to inflict injuries for which Plaintiff and others with disabilities have no adequate remedy at law. Consequently, Plaintiff is entitled to injunctive relief pursuant to Section 308 of the ADA, along with reasonable costs and disbursements.

## II. VIOLATION OF CHAPTER 121 AND ARTICLE 9102

17. Plaintiff incorporates by this reference all allegations contained in paragraphs 1 through 16, inclusive.

18. Pursuant to the legislative mandate contained in Section 5(c) of Article 9102, the Texas Department of Licensing and Regulation adopted TAS to be the minimum standards for compliance with Article 9102. Modeled after the ADAAG, the goal of TAS is to encapsulate the requirements of public facilities which are necessary for them to meet state standards for accessibility. Defendant's violation of the ADAAG as alleged above, also constitutes violations of the corresponding sections of the Texas Accessibility Standards.

19. By committing the specific TAS violations alleged herein, Defendants have failed to comply with Article 9102, thereby violating Chapter 121 and also the rights of Plaintiff. Further, a violation of Article 9102 is separately a violation of Chapter 121 of the Tex. Hum. Res. Code, Ann. § 121.003(d)(1). Chapter 121 establishes that it is the "policy of the state to encourage and enable persons with

disabilities to participate fully in the social and economic life of the state to achieve maximum personal independence. . . and to otherwise fully enjoy and use all public facilities available within the state". *Id.* § 121.001.

20. Section 121 provides for a penalty of a *minimum* of $100 to an aggrieved party for *each* violation of the aforementioned guidelines for which defendants are liable to Plaintiff.

### III. GENERAL NEGLIGENCE

21. Plaintiff incorporates by this reference all allegations contained in paragraphs 1 through 20, inclusive.

22. Defendants have and continue to have a duty to exercise ordinary care in operating the FACILITY and have failed and continue to fail to use such ordinary care.

23. As an actual and proximate result to Defendant's failure to use ordinary care, Plaintiff was embarrassed and subjected to a degrading and humiliating experience and actual physical injuries in an amount of $25,000.

24. At all times relevant hereto, there was in effect both the Americans with Disabilities Act and Texas Chapter 121; along with Article 9102, all of which require that public accommodations and facilities such as the FACILITY provide services to people with disabilities which are equal to the services which are provided to patrons who are not physically disabled.

25. Defendant's acts and omissions as alleged herein are in violation of statutory requirements, including but not limited to the ADA and Chapter 121,

which are designed to protect persons with disabilities from the type of harm and discrimination as was inflicted upon Plaintiff when he suffered emotional pain and suffering while attempting to use the FACILITY.

26. Defendants conduct thus constitutes negligence and negligence *per se*.

## IV. INJUNCTIVE RELIEF

27. Plaintiff incorporates by this reference all allegations contained in paragraphs 1 through 26, inclusive.

28. Plaintiff seeks injunctive relief under both federal and state statutes to permanently enjoin Defendants, their employees and agents and all those acting in concert with them, from further discriminating against Plaintiff and other individuals with disabilities.

29. Without injunctive relief, Plaintiff and all others who are similarly situated and are also disabled, will experience the same discriminatory conduct by the Defendants in the future when visiting the FACILITY. Accordingly, injunctive relief is necessary in order to make the FACILITY fully accessible to Plaintiff and others who are disabled.

## V. DECLARATORY RELIEF

30. Plaintiff incorporates by this reference all allegations contained in paragraphs 1 through 29, inclusive.

31. Plaintiff is entitled to a declaratory judgment whereby the rights and the duties of the parties in this action will be set forth.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

A. Issue a permanent injunction to Defendants, including their agents, servants, employees and all persons in active concert with them, directing that discriminatory conditions and services at the FACILITY as set out in this Complaint, immediately cease and forever enjoin Defendants from further discrimination against Plaintiff in violation of Chapter 121; Article 9102 and the ADA;

B. Issue an injunction ordering Defendants and each of them to remedy all physical violations of the TAS and ADAAG access regulations that are currently present at the FACILITY;

C. Enter a declaratory judgment, specifying Defendants' violations of the Americans with Disabilities Act; Chapter 121, and Article 9102;

D. Award Plaintiff actual damages of $25,000 and also statutory damages of at least $100 per violation under Chapter 121;

E. Accept pendant jurisdiction of Plaintiff's claims under Texas statutes and order Defendants to pay Plaintiff's litigation expenses and costs in this matter; and

F. Liberally construe this *pro-se* complaint to do substantial justice; and for such other and further relief to which Plaintiff may be entitled.

DATED: September 28, 2010

Enoch S. Doyle, Plaintiff *pro-per*
1603 Serenade Ln.
Richardson, TX 75081
Dallas, TX 75201